Coulter, Fraser, Ames, Boulton, Bird Ventre, Esqs. Town Attorneys, Lysander
This is in response to your letter of March 8, 1978, whereby you ask whether a dog warden has the authority to execute a warrant of arrest.
Section 119, subdivision 3 of the Agriculture and Markets Law sets forth the powers of a dog warden as follows:
 "3. A dog warden shall have all the powers of a constable or other peace officer in the execution of the provisions of this article, including the issuance of an apperance ticket pursuant to section 150.20 of the criminal procedure law, and including service of a summons, and the service and execution of any other order or process, notwithstanding any provision of the justice court act." (Emphasis supplied.)
In a 1976 informal opinion of the Attorney General's office (1976 Atty Gen [Inf Opns] 223), we concluded that a dog warden has the powers of a constable or other peace officer in executing the appropriate provisions of the Agriculture and Markets Law but is not a constable or peace officer. In our analysis of the pertinent statutes, we found that the term "peace officer" and the term "police officer" are defined in Criminal Procedure Law, § 1.20, subdivisions 33 and 34, respectively. Although a "police officer" is included in the term "peace officer", neither the term "peace officer" nor the term "constable" are included in the subdivision 34 definition of police officer. It follows that if peace officers or constables are not police officers, a dog warden, who only has the powers of a peace officer or constable, cannot be considered a police officer either.
It is important to recognize that with respect to the enforcement of the Agriculture and Markets Law, section 119 stopped short of giving a dog warden the powers of a police officer. Article 120 of the Criminal Procedure Law deals with warrants of arrest and the only class of people it speaks to regarding the execution of the warrants are police officers (CPL, §§ 120.10, 120.50, 120.60, 120.80 and 120.90). We are unable to find anything in the statutes in question which would even intimate that the term "police officer" be given such a broad interpretation as to include the term "dog warden" or to authorize a dog warden to execute a warrant of arrest.
Accordingly, we conclude that a dog warden does not have the authority to execute a warrant of arrest.